

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00310-CV

**SHOPOFF ADVISORS, L.P.**,
Appellant

v.

**ATRIUM CIRCLE, GP**; Atrium Winn, LLC; Atrium Kavoian, LLC; Copperfield Square;
Copperfield Winn, LLC; Copperfield Kavoian, LLC; Imperial Airport; Imperial Winn, LLC;
Imperial Kavoian, LLC; Crystal Springs Partners, LLC; Commerce Office Park – One LP;
and Universal Square, LP;
Appellees

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-00676
Honorable Karen H. Pozza, Judge Presiding

Opinion by:  Irene Rios, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Irene Rios, Justice

Delivered and Filed: June 30, 2021

AFFIRMED

In this interlocutory appeal, Shopoff Advisors, L.P., ("Shopoff"), argues the trial court

erred by denying its motion to dismiss under the Texas Citizens Participation Act ("TCPA"). *See*

TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12). We affirm.

### BACKGROUND

Shopoff and Atrium Circle, GP; Atrium Winn, LLC; Atrium Kavoian, LLC; Copperfield

Square; Copperfield Winn, LLC; Copperfield Kavoian, LLC; Imperial Airport; Imperial Winn,

LLC; Imperial Kavoian, LLC; Crystal Springs Partners, LLC; Commerce Office Park – One LP; and Universal Square, LP, (collectively, "Atrium"), have been involved in multiple legal actions arising from a failed real estate transaction. We have considered different facets of the parties' dispute in three prior opinions. Our last opinion provides a detailed history of the parties' dispute.[1] We provide here only the background necessary to discuss the issues presented in this appeal.

In 2016, Shopoff agreed to buy six properties from Atrium for $35,600,000.00 and placed $2.5 million in an escrow account. When Shopoff did not close on the transaction, Atrium took the position that Shopoff had breached the agreement and forfeited the funds it placed in escrow. Shopoff eventually sued Atrium for specific performance, demanding that Atrium proceed with the sale of the properties to Shopoff. Shopoff also filed notices of lis pendens on the properties.[2] Atrium counterclaimed, and the case went to arbitration.

On March 29, 2017, an arbitration panel issued a final arbitration award in which it decided how the escrow funds would be distributed to the parties. The arbitration award also ordered the parties to complete documents to effectuate the distribution of the escrow funds and ordered Shopoff to "release all Notices of Lis Pendens from the real property records where such notices were filed for record within seven (7) calendar days from the date of this Award." However, Shopoff did not release the lis pendens notices by the deadline specified in the arbitration award.

On April 12, 2017, the trial court signed a final judgment confirming the arbitration award. Shopoff appealed, but did not immediately supersede the final judgment. On November 28, 2017, Shopoff filed in the trial court a "Notice of Filing Deposit in Lieu of Supersedeas Bond." In an

---

[1]*Shopoff Advisors, L.P. v. Atrium Circle, GP*, 596 S.W.3d 894 (Tex. App.—San Antonio 2019, no pet.).

[2]"The filing of a notice of lis pendens in the real property records notifies all persons that the real property is the subject matter of litigation and that any interests acquired during the pendency of the suit are subject to its outcome." *See id*. at 897 n.3 (citing Black's Law Dictionary 950 (Bryan Garner, West 8th ed. 2004)).

original proceeding, we determined that Shopoff's cash deposit superseded the judgment confirming the arbitration award.[3] In a direct appeal, we modified and affirmed as modified the judgment confirming the arbitration award.[4]

Thereafter, in the underlying action,[5] Atrium brought two tortious interference claims against Shopoff. In these claims, Atrium alleged it was injured by Shopoff's failure to release the lis pendens notices. Atrium specifically complained about the time period between April 12, 2017 and November 28, 2017—the time period after the judgment confirming the arbitration award was signed but before it was superseded. Shopoff, in turn, filed a TCPA motion to dismiss Atrium's tortious interference claims, arguing the claims interfered with Shopoff's exercise of the right to petition. The trial court denied the TCPA motion by written order. Shopoff appealed.

## DISMISSAL UNDER THE TCPA

The dual purpose of the TCPA "is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law, and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. "The text of the TCPA itself explicitly acknowledges that the Act is intended to safeguard the constitutional rights of speech, petition, and association (without foreclosing the ability to bring meritorious lawsuits)." *Youngkin v. Hines*, 546 S.W.3d 675, 681 (Tex. 2018). "[W]e must construe [the TCPA's] individual words and provisions in the context of the statute as a whole." *Id*.

---

[3]*In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *2-3 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (mem. op.).

[4]*Shopoff Advisors, L.P. v. Atrium Circle, GP*, No. 04-17-00241-CV, 2018 WL 280473, at *1 (Tex. App.—San Antonio Jan. 3, 2018, no pet.) (mem. op.).

[5]This action is an interpleader case initiated by the title company holding the escrow funds in dispute.

"Reviewing a TCPA motion to dismiss requires a three-step analysis." *Id*. at 679. First, the moving party must show, by a preponderance of the evidence, that the TCPA properly applies to the legal action against it. *See id*.; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b). The version of the TCPA applicable to this case[6] requires the moving party to show that the legal action "is based on, relates to, or is in response to [its] exercise of the right of free speech, right to petition, or right of association." *Id*. § 27.003(a). Second, if the moving party satisfies its burden to prove the applicability of the TCPA, then the nonmoving party must establish by clear and specific evidence a prima facie case for each essential element of its claim. *See Youngkin*, 546 S.W.3d at 679; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). Finally, if the nonmoving party satisfies the second step, then the burden shifts back to the moving party to establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim. *See Youngkin*, 546 S.W.3d at 679-80; TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(d).

We review the trial court's denial of a motion to dismiss under the TCPA de novo. *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 897 (Tex. 2018); *Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 603 (Tex. App.—San Antonio 2018, pet. denied).

On appeal, Shopoff contends the trial court was required to grant its motion to dismiss because: (1) Shopoff met its initial burden to establish the TCPA's applicability to Atrium's claims; (2) Atrium failed to meet its burden to establish a prima facie case for its claims; and (3) Shopoff established a valid defense to Atrium's claims. In response, Atrium disputes each of

---

[6]Because the tortious interference claims at issue in this appeal were filed before September 1, 2019, we apply the version of the TCPA in effect prior to the 2019 amendments to the statute. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011), amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (the version at issue in this opinion); *see also* Act of May 20, 2019, 86th Leg., R.S., ch. 378, H.B. 2730, §§ 1–9, 2019 Tex. Gen. Laws ——, —— (the 2019 amendments); Act of May 20, 2019, 86th Leg., R.S., ch. 378, H.B. 2730, §§ 11–12, 2019 Tex. Gen. Laws ——, —— (providing that a suit filed before the amendments become effective "is governed by the law in effect immediately before that date").

Shopoff's contentions and also argues Shopoff's TCPA motion was ineffective because it was untimely filed.

## APPLICABILITY OF THE TCPA

We begin by deciding if Shopoff met its initial burden to show that the TCPA applied to Atrium's claims. For the TCPA to apply, Atrium's tortious interference claims had to implicate Shopoff's right to petition as defined by the TCPA.

The version of the TCPA applicable to this case provides that the trial court "shall dismiss a legal action against the moving party if [it] shows by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right to petition." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)(2). As defined in the TCPA, the "[e]xercise of the right to petition means . . . a communication in or pertaining to a judicial proceeding . . . ." *See id*. § 27.001(4)(A)(i). Under the TCPA, a "communication" is specifically defined as "the *making* or *submitting* of a statement or document in any form or medium, including . . . written . . . ." *See id*. § 27.001(1) (emphasis added).

In determining whether a legal action should be dismissed under the TCPA, we consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. § 27.006(a). "Indeed, it would be impossible to determine the basis of a legal action, and thus the applicability of the Act, *without* considering the plaintiff's petition." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (emphasis in original). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Id*. "[T]he plaintiff's petition . . . is the best and all-sufficient evidence of the nature of the action." *Id*. (internal quotation marks omitted). Additionally, in conducting our review of a ruling denying a TCPA motion, we must view the pleadings and the evidence in the light most favorable to the plaintiff-nonmovant. *Elkins*, 553 S.W.3d at 603.

Shopoff relies exclusively on Atrium's pleadings to satisfy its burden to show that the TCPA applied to Atrium's claims. In its TCPA motion, Shopoff asserted the TCPA applied because "a lis pendens notice is a communication pertaining to a judicial proceeding" and Atrium's tortious interference claims were "based on Shopoff's notice[s] of lis pendens." We disagree with Shopoff's oversimplified characterization of the allegations in Atrium's pleadings.

In its pleadings, Atrium alleged specific facts related to its claim for tortious interference with an existing contract. Atrium alleged that it had a valid contract on one of the properties and Shopoff interfered with this contract by not complying with the "unsuperseded [f]inal [j]udgment" and "lifting the lis pendens or authorizing [the title company] to release the escrow funds that would have allowed [the property] to be refinanced." Similarly, Atrium alleged specific facts related to its claim for tortious interference with prospective business relations. Atrium alleged that after the trial court signed the judgment confirming the arbitration award, it attempted to sell another property, but two sales on that property fell through. Atrium alleged that a reasonable probability existed that it would have entered into a business relationship with a potential buyer if Shopoff had not refused to release the lis pendens notice. According to Atrium's pleadings, "Shopoff intentionally interfered with that relationship by refusing to release the lis pendens, despite being requested to do so;" and the offers on the property failed "because the lis pendens was clouding title to the property, and the buyers did not want to purchase it as a result." Additionally, Atrium alleged that Shopoff's failures to release the lis pendens notices caused it to suffer specific economic injuries, and Atrium sought damages flowing directly from these injuries.

Again, we are obligated to view the pleadings in the light most favorable to Atrium. *See Elkins*, 553 S.W.3d at 603. Atrium's pleadings refer to the filing of the notices of lis pendens, but it is not the basis of its claims. The basis of Atrium's claims is Shopoff's failure to release or withdraw the lis pendens notices after being ordered to do so by the arbitration panel and the trial

court. *See Allied Orion Group, LLC v. Pitre*, No. 14-19-00681-CV, 2021 WL 2154065, at *3 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet. h.) (mem. op.) (recognizing that while communications may have occurred as part of the process leading up to the plaintiff's employment termination, the plaintiff's termination suit did not assert claims based upon the making or submitting of any statement or document and therefore claims were not subject to the TCPA); *Riggs & Ray, P.C. v. State Fair of Tex.*, No. 05-17-00973-CV, 2019 WL 4200009, at *4 (Tex. App.—Dallas Sept. 5, 2019, pet. denied) (mem. op.) ("Although SFT communicated this noncompliance through its declaratory judgment suit, the noncompliance itself, not the communication, is the basis of R & R's claims."); *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 587 (Tex. App.—Fort Worth 2019, pet. denied) (noting its precedent "hold[ing] that simply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA.").

"In order for a movant to invoke the TCPA, there must first be a communication." *Krasnicki v. Tactical Enter., LLC*, 583 S.W.3d 279, 283 (Tex. App.—Dallas 2019, pet. denied). A "communication," as the term is defined in the TCPA, is "the *making* or *submitting* of a statement or document in any form or medium, including . . . written . . . ." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(1) (emphasis added). In this case, the required communication is lacking. Atrium's tortious interference claims are not about the "making or submitting of a statement or document;" instead, they are about conduct, namely, Shopoff's failures to release the lis pendens notices.

"[C]ourts cannot blindly accept attempts by the defendant-movant to characterize the plaintiff-nonmovant's claims as implicating protected expression." *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *5 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.). "In order to implicate the right[]

to petition . . . , the defendant-movant is required to demonstrate that the plaintiff-nonmovant's claims alleged communications." *Id*. "[W]hen a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.).

As shown above, Atrium's tortious interference claims are premised on Shopoff's failures to release the lis pendens notices in accordance with the arbitration award and the judgment confirming the arbitration award. Because Atrium's claims are not premised on a communication, they do not implicate Shopoff's right to petition. "The TCPA's purpose is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits." *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015).

We conclude that Shopoff failed to show by a preponderance of the evidence that the TCPA applied to Atrium's tortious interference claims. Because Shopoff did not establish that the TCPA applied to Atrium's claims, the burden never shifted to Atrium to establish by clear and specific evidence a prima facie case for each essential element of its claims, and the trial court properly denied the TCPA motion.[7]

## CONCLUSION

The trial court's order denying the TCPA motion is affirmed.

Irene Rios, Justice

---

[7]Based on our disposition of Shopoff's first issue, it is unnecessary for us to address the other issues presented in this appeal. *See* TEX. R. APP. P. 47.1 (requiring appellate courts to hand down opinions that are as brief as practicable but address every issue raised and necessary to the final disposition of the appeal).